UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES,<br><br>                              Petitioner,<br><br>v.<br><br>JEFF MACOMBER, Secretary, et al.,<br><br>                              Respondent. | Case No.:  3:25-cv-3292-JES-SBC<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY [ECF No. 7]** |

Robert James ("Petitioner") is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 challenging his 2020 parole denial by the California Board of Parole Hearing ("BPH"), the subsequent state court denial of his petitions, and his continued incarceration pursuant to a 1995 judgment of conviction in San Diego Superior Court case number SCD105774 for which he is serving an indeterminate life sentence. ECF No. 1. Respondent has filed a motion to dismiss and lodged relevant portions of the state record. ECF Nos. 7-8. Petitioner has filed an opposition to the motion to dismiss.[1] ECF No. 9.

---

[1] Although this case was referred to United States Magistrate Judge Steve B. Chu pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that neither a Report and

1

# I.    RELEVANT PROCEDURAL HISTORY

The following procedural history is taken from the state appellate court decision in *In re Robert A. James on Habeas Corpus*, D084706 (Cal. Ct. App. Sept. 24, 2024). *See* ECF No. 8-4.

In 1995, a jury found petitioner Robert A. James guilty of assault with a deadly weapon (Pen. Code, §§ 245, subd. (a) & 1192.7, subd. (c)(23); count 1); commercial burglary (Pen. Code, § 459; count 2); two counts of petty theft with priors (Pen. Code, §§ 484, 666; counts 3 & 4); and misdemeanor simple battery (Pen. Code, § 242; count 5). The court found true two serious felony prior convictions (Pen. Code, § 667, subd. (a)(1)); two prison priors (Pen. Code, § 667.5, subd. (b)); and two serious/violent felony priors (Pen. Code, § 667, subds. (b)-(i)). The court originally sentenced James to a total term of 75 years to life in state prison, comprised of three consecutive terms of 25 years to life on counts 1, 3, and 4.

In the direct appeal, this court affirmed the judgment but ordered James's sentence modified to add five years for each of the two serious felony priors. (*People v. James* (Nov. 21, 1996, D023261) [nonpub. opn.].) Accordingly, James was resentenced to 85 years to life. The modified judgment was affirmed on further appeal by this court. (*People v. James* (Nov. 17, 2000, D034933) [nonpub. opn.].)

In 2015, the trial court granted James's petition for resentencing pursuant to Penal Code sections 1170.18 and 1170.126 and resentenced James to an aggregate term of 35 years to life after reinstating his sentence of 25 years to life on count 1 and imposing five-year terms for each of his serious felony priors. This court affirmed the resentencing order. (*People v. James* (Mar. 24, 2016, D069142) [nonpub. opn.].)

On July 7, 2020, the Board of Parole Hearings (the Board) found James unsuitable for parole and denied parole for seven years. On March 22, 2022, James filed a petition to advance his parole hearing date, contending he was now eligible for consideration under the Elderly Parole Program. On November 1, 2023, the Board denied James's petition to advance after finding

---

Recommendation nor oral argument are necessary for disposition of this matter. *See* S.D. Cal. CivLR 71.1(d).

James failed to establish a change in circumstances or new information as required by Penal Code section 3041.5, subd. (d)(2).

ECF No. 8-4 at 1-2 (brackets in original).[2]

On February 11, 2024, Petitioner constructively filed a habeas petition in the San Diego County Superior Court, alleging that his continued incarceration had become excessive in violation of the Eighth Amendment, the BPH violated equal protection when it issued him a 7-year parole denial and the BPH violated due process in denying his petition to advance.[3] ECF No. 8-1 at 3-5, 103. On June 20, 2024, the superior court denied that petition in a reasoned decision.[4] ECF No. 8-2 at 2, 9.

On August 20, 2024, Petitioner constructively filed a habeas petition in the California Court of Appeal, in which he contended the superior court violated his due process rights by failing to order informal briefing and "illegally interposed itself as Respondent by issuing a unilateral summary denial," made an unconstitutionally vague

---

[2] It appears from the lodgments that Petitioner's petition to advance was instead postmarked on November 1, 2023, received November 3, 2023, and denied on November 13, 2023, *see* ECF No. 8-1 at 25-26, while on March 22, 2022, Petitioner was found to have met "court ordered elderly offender criteria" providing for earlier parole consideration. *Id.* at 14. However, the apparent discrepancies in dates of the receipt and denial of the petitions to advance are ultimately immaterial to the outcome of the instant motion to dismiss for the reasons discussed below.

[3] While the superior court habeas petition is filed-stamped February 20, 2024, the constructive filing date for federal habeas purposes is February 11, 2020, the date Petitioner submitted it for mailing to the Court. *See* ECF No. 8-1 at 1, 103; *see Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) ("Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court.")

[4] The superior court's denial is dated June 20, 2024, *see* ECF No. 8-2 at 2, 9, and the certificate of service by mail is dated June 27, 2024. *See* ECF No. 8-2 at 1. While the difference in dates do not materially impact the outcome of the instant motion, the Court will in an abundance of caution utilize the latter service date (to Petitioner's benefit) in the timeliness analysis discussed below.

decision, and violated equal protection and the intent of Proposition 57, the latter of which required BPH consideration yearly, and in which Petitioner incorporated by reference and attachment the claims previously raised in the superior court. ECF No. 8-3 at 1, 3-6, 121. On September 24, 2024, the California Court of Appeal denied the habeas petition in a reasoned decision. ECF No. 8-4.

On April 3, 2025, Petitioner constructively filed a habeas petition in the California Supreme Court, again incorporating the arguments and claims presented in his prior petitions, contending that the superior and appellate courts violated due process in the state habeas corpus procedures, again citing the lack of informal briefing and asserting the state appellate court failed to address several federal issues presented. ECF No. 8-5 at 1, 5-14, 23, 281. On August 27, 2025, the California Supreme Court summarily denied the habeas petition without a statement of reasoning or citation to authority. *See* ECF No. 8-6.

On November 6, 2025, Petitioner constructively filed the instant federal Petition.[5] ECF No. 1 at 1, 2. Here, Petitioner contends that his continued incarceration has become constitutionally excessive in violation of the Eighth Amendment (ground one), the state superior and appellate courts violated federal due process safeguards by erring in rendering their decisions rejecting his petitions and failing to first order statutorily required briefing (ground two), and California's "some evidence" standard is constitutionally deficient and the State failed to protect his state created liberty interest in parole (ground three); Petitioner also argues that the BPH erred and violated his due process rights in their 2020 parole denial (ground four) and in the later 2023 denial of his petition to advance (ground

---

[5] Similarly, the constructive filing date of the federal Petition is November 6, 2025, the date Petitioner handed it to correctional officers for mailing to the Court. *See* ECF No. 1 at 1; *see Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001) ("Under the 'prison mailbox rule' of *Houston v. Lack*, 487 U.S. 266 (1988), a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court.") (internal citations omitted).

3:25-cv-3292-JES-SBC

five) and separately violated equal protection in denying parole for 7 years rather than for 1 year in its 2020 decision (ground six).[6] *See* ECF No. 1 at 5-6, 11-12, 17-21.

On February 27, 2026, Respondent filed a motion to dismiss, and on March 23, 2026, Petitioner constructively filed a response in opposition to the motion to dismiss. ECF No. 7; ECF No. 9 at 1.

## II.    DISCUSSION

Respondent maintains the Court should dismiss the instant Petition because (1) none of Petitioner's claims establish "subject matter jurisdiction" (cognizability) because they are based on state rather than federal law, (2) Petitioner's parole and informal response claims fail to establish federal habeas jurisdiction because success on those claims will not necessarily lead to Petitioner's speedier release, (3) most of Petitioner's claims are untimely under the statute of limitations, and (4) Petitioner's excessive punishment claim is insufficiently pleaded. ECF No. 7-1 at 6. In opposition to the motion to dismiss, Petitioner contends he has shown subject matter jurisdiction because he has a federal due process liberty interest in parole, asserts his claims are based on federal law pursuant to *Superintendent v. Hill*, 472 U.S. 445 (1985) and *Johnson v. United States*, 576 U.S. 591 (2015), and the state court interpretation of federal law, and maintains his claims are timely due to the BPH's "new and intervening decision" denying his petition to advance, which took place after his 2020 BPH denial. ECF No. 9 at 1-4.

### A.    Cognizability and Jurisdiction

The Court first addresses Respondent's contention that the Petition warrants dismissal for lack of cognizability and several claims fail to establish habeas jurisdiction. ///

---

[6] Petitioner raised three enumerated claims in his federal Petition, grounds one through three, *see id.* at 5-6, but given Petitioner specifically incorporated his prior state court claims concerning the BPH's actions, *see id.*, the Court has labeled these contentions as grounds four through six for ease of discussion in the instant Order.

### 1.   Cognizability

Respondent contends that the Petition must be dismissed because Petitioner's claims are entirely based on state, rather than federal law, and the Petition "lacks subject matter jurisdiction." ECF No. 7-1 at 7. Specifically, Respondent asserts Petitioner's parole claims are based on state law and are barred by *Swarthout v. Cooke*, 562 U.S. 216 (2011) (per curiam), Petitioner's cruel and unusual punishment claim is not cognizable on federal habeas review, and his informal response claim is not a federal question but is instead based on a California state court rule. *Id.* at 7-11. Petitioner maintains his claims are cognizable because he has a "Federally Protected 'Liberty Interest' in parole." ECF No. 9 at 1.

To state a federal habeas corpus claim pursuant to § 2254, a state prisoner must allege both that he or she is "in custody pursuant to the judgment of a State court" and that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") Neither party contests that Petitioner is presently in custody pursuant to a state court judgment.

As relevant to the second requirement, the United States Supreme Court has held with respect to parole that: "Whatever liberty interest exists is, of course, a *state* interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Cooke*, 562 U.S. at 220, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). The Supreme Court has further provided that: "In the context of parole, we have held that the procedures required [to satisfy due process] are minimal," and were in any event satisfied where the inmate in question "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.*, citing *Greenholtz*, 442 U.S. at 16; *see also Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011) ("[T]here is no substantive due process right

created by California's parole scheme. If the state affords the procedural protections required by *Greenholtz* and *Cooke*, that is the end of the matter for purposes of the Due Process Clause.")

Here, Petitioner does not assert either that he was not allowed an opportunity to be heard at his parole hearing or that he was not provided with a statement of reasons for the parole denial. Nor does it appear Petitioner could credibly claim as much, because the BPH transcript plainly reflects Petitioner attended his 2020 parole hearing represented by counsel, he was afforded the opportunity to be heard, and Petitioner was provided a detailed list of reasons for the parole denial. *See* ECF No. 8-5 at 209-76 (transcript of 2020 BPH hearing); *see also id.* at 277 (summary of BPH proposed parole consideration decision).

To the extent Petitioner seeks *substantive* review of the BPH's parole denial and the state court's later application of the "some evidence" standard in reviewing and rejecting Petitioner's claims (grounds three and four) arising from that denial, the Ninth Circuit, relying on *Cooke*, has explicitly foreclosed the availability of federal habeas relief for such claims or contentions.[7] *Roberts*, 640 F.3d at 1046 ("It makes no difference that [Petitioner] may have been subjected to a misapplication of California's 'some evidence' standard. A state's misapplication of its own laws does not provide a basis for granting a federal writ of habeas corpus."), citing 28 U.S.C. § 2254(a) and *Cooke*, 562 U.S. at 219; *see Estelle v.*

---

[7] Petitioner's reliance on *Johnson v. United States*, 576 U.S. 591 (2015), is unavailing and does not counsel a different analysis or outcome, as that case concerns the constitutionality of a *federal* criminal statute and has nothing to do with California's application of its own *state* laws and thus cannot provide grounds for federal habeas relief. *See e.g. Keller v. Hatton*, No. CV 16-08709 CJC (RAO), 2017 WL 2771529, at *4 (C.D. Cal. May 19, 2017) (collecting cases and noting "other courts . . . have similarly rejected reliance on *Johnson* creating new due process rights upon which habeas petitioners may base vagueness challenges to California state laws."), report and recommendation adopted in 2017 WL 2766433 (C.D. Cal. June 26, 2017); *see also Keller v. Hatton*, 2018 WL 6982243 (9th Cir. 2025) (denying certificate of appealability).

*McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (citations omitted).[8]

The Court finds this same analysis also applies to Petitioner's claim arising from the denial of his petition to advance the date of his parole hearing (ground five), as that decision was based entirely on the BPH and the State of California's interpretation and application of state law, namely Cal. Penal Code §§ 3041.5(d) and 3055(d). *See* ECF No. 8-4 at 4-5.

> Nor has James established any error in the Board's treatment of his petition to advance. James contends his due process rights were violated because the Board unilaterally denied his petition to advance without holding a hearing. The statute pertaining to elderly parole contains a provision providing that a request for an advance hearing will be considered pursuant to subdivision (d) of Penal Code section 3041.5. (Pen. Code, § 3055, subd. (d).) Under the applicable provision, the Board may in its discretion summarily deny a petition to advance where the petitioner does not set forth a change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration of the inmate. (Pen. Code, § 3055, subd. (d).) Here, the Board denied the petition to advance after finding James failed to show change in circumstances or new information. James fails to establish how the Board's findings were inadequate under the relevant statutes.

*Id.*

Similarly, Petitioner's assertion that his due process rights were violated when the state superior and appellate court failed to order informal responses prior to rendering their decisions adjudicating his habeas claims (ground two) also fails to state a cognizable

---

[8] Accordingly, to the extent Petitioner contends that *Hill*, 472 U.S. 445, counsels a different outcome, any such argument is a non-starter given the Ninth Circuit has held that "*Greenholtz*, rather than *Hill*, dictates the procedural rights that must be afforded to a California prisoner who has been denied parole." *Roberts*, 640 F.3d at 1046 (citation omitted); *see also id.* ("*Cooke* reaffirms the distinction between the process necessary when a prisoner's good-time credits are revoked and the process due when a state denies a prisoner's request for parole. Examining state law, the [Supreme] Court explained that California does 'not purport to equate (its) parole system with good-time credits.'"), quoting *Cooke*, 562 U.S. at 221 n. 1.

federal claim because the Ninth Circuit has clearly held the unavailability of federal habeas relief for state law error includes alleged error in the state post-conviction review process. *See e.g. Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.")

Finally, the Court turns to Petitioner's Eighth Amendment and equal protection claims (grounds one and six, respectively), which each appear to present a closer question. Again, in ground one, Petitioner contends that his continued incarceration has become constitutionally excessive in violation of the Eighth Amendment, while in ground six, Petitioner asserts the BPH violated equal protection in denying parole for 7 years rather than for 1 year in its 2020 decision.

With respect to Petitioner's ground one contentions, the Eighth Amendment's cruel and unusual punishment clause "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." *Solem v. Helm*, 463 U.S 277, 284 (1983). That said, "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring), quoting *Solem*, 463 U.S. at 288, 303. "'Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.'" *Belgarde v. State of Montana*, 123 F.3d 1210, 1215 (9th Cir. 1997), quoting *United States v. McDoughtery*, 920 F.2d 569, 576 (9th Cir. 1990); *see also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("[A]fter *Harmelin*, 'only extreme sentences that are grossly disproportionate to the crime' violate the Eighth Amendment."), quoting *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992).

Respondent aptly observes that Petitioner fails to cite to, and there appears to be a lack of, clearly established law holding that a state prisoner's continued incarceration after a parole denial could constitute cruel and unusual punishment and "[r]ather, the Supreme Court has explained that under federal law, '[t]here is no constitutional or inherent right of

9

a convicted person to be conditionally released before the expiration of a valid sentence." *See* ECF No. 7-1 at 10, quoting *Greenholtz*, 442 U.S. at 7. Moreover, the Court acknowledges "numerous district courts in the Ninth Circuit have rejected similar Eighth Amendment challenges to parole denials as not cognizable in federal court." *Nguon v. Madden*, No. 22-cv-00181-JO-JLB, 2023 WL 1806021, at *7 (S.D. Cal. Feb. 7, 2023) (collecting cases), report and recommendation adopted in 2023 WL 2573894 (S.D. Cal. Mar. 20, 2023); *see Nguon v. Hill*, 2024 WL 4490652 (9th Cir. 2024) (denying certificate of appealability); *see also Smith v. Broomfield*, No. 2:21-cv-04531-RSWL-MAA, 2022 WL 1412284, at *5 (C.D. Cal. Jan. 25, 2022) ("Neither the United States Supreme Court nor the United States Court of Appeals for the Ninth Circuit have held that the denial of parole can transform a lawfully-imposed indeterminate sentence into a sentence that constitutes cruel and unusual punishment, and district courts within this Circuit consistently have rejected such claims.") (collecting cases), report and recommendation adopted in 2022 WL 1405658 (C.D. Cal. May 3, 2022). Yet, upon review, whether a habeas claim is viable on the merits is a starkly different determination than whether that claim is cognizable on federal habeas review, and it appears that in ground one, regardless of its merit or lack thereof, Petitioner plainly raises a federal claim. *See Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) ("Dismissal on the basis of lack of cognizability is appropriate only where the allegations in the petition are 'vague,' 'conclusory,' 'palpably incredible,' or 'patently frivolous or false.' . . . 'A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim,' or 'when no claim for relief is stated.'") (internal and external citations omitted), quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977), *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990), *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017), and *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983). Indeed, the Court also recognizes "several district courts have concluded that a claim that the denial of parole rendered a sentence so long that it violated the Eighth Amendment stated a cognizable claim and denied motions to dismiss on that basis." *Vaught v. Allison,* No. 3:21-cv-0408-CAB-AGS, 2021 WL 4428965, at *4 (S.D. Cal. Sept. 24,

2021) (order denying motion to dismiss and collecting cases). Here, the Court, mindful of the potential for conflating the merits of a claim with the question of cognizability and given Petitioner appears to raise a federal claim regardless of its ultimate viability, declines to dismiss ground one for failure to state a claim cognizable on federal review.

Turning to ground six, "[t]he Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439 (1985), quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982). "[A] mere demonstration of inequality is not enough; the Constitution does not require *identical* treatment. There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises: it is a 'settled rule that the Fourteenth Amendment guarantees equal laws, not equal results.'" *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991), quoting *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 273 (1979).

Here, it appears that Petitioner's ground six claim concerning the BPH's decision denying him parole for 7 years instead of 1 year, and the state court's conclusion that Petitioner, as an indeterminately sentenced individual, was not entitled to annual review under Proposition 57, was partially based on the interpretation and application of state law. *See McGuire*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *see also Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) ("[V]iolations of state law are not cognizable on federal habeas review.")

That said, contrary to Respondent's contention, the Court finds Petitioner is not simply claiming a state law violation and appending a federal provision for purposes of federal review. *See* ECF No. 7-1 at 9, citing *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("Langford may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of

3:25-cv-3292-JES-SBC

state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus.") (internal and external citations omitted). Instead, Petitioner contends that his disparate treatment when compared to other offenders violates equal protection. Here, the state court specifically found that Petitioner's parole was not subject to annual review because he has an indeterminate, rather than a determinate, sentence, but in so deciding, the state court also addressed (and rejected) Petitioner's federal contention that this disparate treatment violated federal constitutional guarantees, reasoning the two classes of prisoners were not "similarly situated" to each other. *See* ECF No. 8-4 at 5-6 ("He asserts that Proposition 57's parole procedures that provide for annual reviews for certain nonviolent offenders should apply to him. He contends that the failure to provide him with annual parole reviews amounts to unconstitutionally disparate treatment that violates the equal protection clause. . . . Because James and other prisoners with indeterminate sentences receive the benefit of additional procedural protections through an in-person hearing before the Board, they are not similarly situated to prisoners with determinate sentences for purposes of Proposition 57 who only receive an annual paper review conducted by a hearing officer.")

Here, the Court, again mindful of the potential for conflating the merits of ground six with the cognizability question and given Petitioner appears to raise a federal claim regardless of its ultimate viability, similarly declines to dismiss ground six for failure to state a claim cognizable on federal review. *See e.g. Vaught,* 2021 WL 4428965, at *6 (denying motion to dismiss habeas claim alleging equal protection violation stemming from disparate Proposition 57 parole procedures for inmates sentenced to indeterminate life terms when compared to inmates serving determinate terms, concluding "[w]hatever the merits of [Petitioner's] claim, it is unquestionably cognizable on federal habeas."), citing 28 U.S.C. § 2254.

Accordingly, for the reasons discussed above, Respondent's motion to dismiss grounds two through five for lack of "subject matter jurisdiction" (cognizability) on federal habeas review is **GRANTED**. While declining to dismiss grounds one and six for lack of

cognizability, the Court notes that this decision has no impact on the ultimate outcome of the instant motion to dismiss, given grounds one and six each warrant dismissal on the grounds of timeliness as discussed further below and ground six additionally warrants dismissal for lack of habeas jurisdiction as discussed next. Additionally, even were Petitioner somehow able to show one or more of his other claims (grounds two through five) were cognizable, those claims each also independently warrant dismissal for lack of habeas jurisdiction and several of those claims (grounds two through four) are also subject to dismissal because they are untimely.

## 2.    Habeas Jurisdiction

Respondent next argues that Petitioner's parole and informal response claims[9] fail to establish federal habeas jurisdiction because success on any, or all, of those claims would not necessarily lead to Petitioner's sooner or immediate release. *See* ECF No. 7-1 at 11-12. Specifically, Respondent asserts that success on Petitioner's parole claims would lead only to a new parole hearing at which parole could again be denied, while success on his informal response claim would similarly not lead to his release. *See id.* at 12. Petitioner maintains Respondent is incorrect and asserts that his appearance before the BPH in 2020 meant he was suitable for *mandatory* parole unless he posed a "current risk of dangerousness" and there was no such evidence presented of dangerousness (at either the 2020 hearing or with respect to the later denial of his petition to advance) sufficient to override his liberty interest in and suitability for parole. ECF No. 9 at 3.

_____

[9] Here, Respondent asserts success on Petitioner's "parole and informal response claims" will not necessarily lead to his release. ECF No. 7-1 at 11. In the instant motion, Respondent earlier specified and outlined that Petitioner had raised "four parole-based claims," which upon review, correspond to grounds three through six as enumerated above, and noted Petitioner also raised an informal response claim, which corresponds to ground two. *See id.* at 6. Thus, Respondent does not specifically contend, and the Court accordingly declines to consider, whether ground one is potentially barred for lack of habeas jurisdiction. Any such determination is also ultimately unnecessary given ground one warrants dismissal for lack of timeliness.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Meanwhile, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499. Specifically, the Supreme Court has instructed that "when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983." *Skinner v. Switzer*, 562 U.S. 521, 535 n. 13 (2011), quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).

Here, even were Petitioner able to demonstrate there was error such that he is entitled to a new parole hearing (or that he is entitled to an earlier parole hearing per his petition to advance), any such success would not "necessarily spell speedier release." *Id.* On this point, the Ninth Circuit has noted that: "Under California law, the parole board must consider '[a]ll relevant, reliable information' in determining suitability for parole," *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc), quoting Cal. Code Regs. tit. 15, § 2281(b), and has further specified that: "[T]he parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it.'" *Id.*, quoting *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).[10]

While Petitioner contends he was suitable for parole and asserts that parole was erroneously denied for seven years in 2020 (grounds three, four and six) and separately contends the BPH erred in denying his later petition to advance his parole date (ground five), success on any, or all, of these claims would not lead to his release. Instead, it would

---

[10] This holding is plainly contrary to Petitioner's unsupported assertion that his 2020 BPH appearance meant he was found suitable to be "mandatorily paroled" unless he posed a "current risk of dangerousness." *See* ECF No. 9 at 3 ("To all intents and purposes when any person appears before the BPH, they are 'Suitable,' to be mandatorily paroled, unless the BPH concludes that they pose a 'current risk of dangerousness.'")

only result in a new parole hearing, at which the BPH could grant parole or could again deny parole. *See id.* Nor does Petitioner show that success on his claim that the state superior and/or appellate courts erred in failing to order responses prior to deciding his respective habeas petitions (ground two) would lead to his immediate or sooner release.

Accordingly, Respondent's motion to dismiss grounds two through six in the Petition for lack of habeas jurisdiction is **GRANTED**.

**B.    Timeliness**

Respondent next contends the Petition alternately warrants dismissal "because most of the claims are untimely," and specifically asserts: "James's Petition, except for his petition to advance claim, is untimely because it was filed beyond AEDPA's statute of limitations." ECF No. 7-1 at 12-13.

With respect to the statute of limitations, AEDPA provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

"AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012); *see also Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005) (noting that "§ 2244(d)(2) itself, . . . refers not just to a 'properly filed application,' but to a 'properly filed application . . . *with respect to the pertinent judgment or claim.*' (Emphasis added.)"), quoting 28 U.S.C. § 2244(d)(2). The Court will therefore examine the application of AEDPA to each claim individually.

Moreover, "the one-year limitations period applies to 'all applications for writ of habeas corpus' under § 2254, including those challenging state administrative actions." *Mardesich*, 668 F.3d at 1171, quoting *Shelby v. Bartlett*, 391 F.3d 1061, 1064 (9th Cir. 2004) and citing *Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). "[W]hen a habeas petitioner challenges an administrative decision affecting the 'fact or duration of his confinement,' AEDPA's one-year statute of limitations runs from when the 'factual predicate' of the habeas claims 'could have been discovered through the exercise of due diligence.' As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." *Mardesich*, 668 F.3d at 1172 (footnote and internal citations omitted), quoting 28 U.S.C. § 2244(d)(1)(D), and citing *Shelby*, 391 F.3d at 1066 and *Redd*, 343 F.3d at 1085. The Ninth Circuit has expressly held that 28 U.S.C. § 2244(d)(1)(D) applies to decisions concerning parole consideration. *See Burger v. Scott*, 317 F.3d 1133, 1138 (9th Cir. 2003) (finding the district court correctly concluded that the petitioner's case "was governed by § 2244(d)(1)(D), thus starting a one-year limitations period beginning on . . . the undisputed date [Petitioner] learned of the change in his parole reconsideration date.") (footnote omitted).

Here, at the conclusion of Petitioner's July 7, 2020, BPH parole suitability hearing which Petitioner attended and at which he was represented by counsel, *see* ECF No. 1-2 at 23-90, the BPH found Petitioner was not eligible for parole and set the denial period at seven years. *See id.* at 88, 91. In rendering that decision, the BPH noted that "our decision is not final" and "it will be reviewed by the BPH decision unit" who "have up to 120 days

as well as the Governor of California." *Id.* at 88. The BPH also noted that "[w]hen you feel you've met the requirement of the Panel earlier than the seven-year denial period, you could submit a form 1045-A, a Petition to Advance requesting to have your hearing held on an earlier date." *Id.*

Because there is no indication in the present record or pleadings that Petitioner administratively appealed the BPH's July 7, 2020, initial parole suitability decision, Petitioner's parole denial became final 120 days later, on November 4, 2020, as the BPH indicated it would. *See* ECF No. 1-2 at 88; *see Redd*, 343 F.3d at 1084-85. Thus, it appears that at the latest, the statute of limitations as to Petitioner's parole claims began to run the next day, November 5, 2020. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that Federal Rule of Civil Procedure 6(a), which instructs that: "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included," was applicable to AEDPA's limitation period), quoting Fed. R. Civ. P. 6(a).

As to this matter, Petitioner asserts that "the BPH made a 'new and intervening' decision of their 2020 denial of parole, in, their denial of the 'Petition to Advance,' and then the superior court based its decision on the merits of that 2020 BPH denial, making it ripe for assertion of federal claims, Respondent, now asserts as time barred." ECF No. 9 at 2. To the extent Petitioner contends the statute of limitations of *each* of his claims arising from his 2020 BPH denial (grounds one, three, four and six) runs *not* from that 2020 BPH denial but instead from the later 2023 denial of his petition to advance, the Court rejects any such argument. Petitioner offers no authority in support of his contention, and it is instead apparent that those two decisions were separate and discrete, were not only made years apart by the BPH (in 2020 and 2023), but those two decisions were the result of starkly different procedural avenues for consideration and were each made pursuant to the application of distinct state statutes. *See* ECF No. 8-4 (California Court of Appeal decision discussing state regulations and statutes applying to parole decision versus state statute

3:25-cv-3292-JES-SBC

applying to decision on petition to advance). Petitioner fails to offer any persuasive argument that his decision to seek a petition to advance his parole date several *years* after his 2020 BPH parole denial somehow reset the statute of limitations under which he could seek federal habeas review of that earlier, and separate, BPH decision. Instead, the Court finds that with respect to Petitioner's claims challenging his 2020 BPH parole denial, which includes his Eighth Amendment claim[11] and his equal protection claim, the statute of limitations for each of those claims began to run on November 5, 2020, as set forth above. *See* ECF No. 1-2 at 88; *see Redd*, 343 F.3d at 1084; *Patterson*, 251 F.3d at 1246. Absent tolling, the statute of limitations for Petitioner's claims based on his 2020 BPH denial (grounds one, three, four and six), expired one year later, on November 5, 2021, while the

---

[11] Respondent alternately contends that the limitations period for Petitioner's Eighth Amendment claim (ground one) "arguably should have expired much earlier" because Petitioner "should have discovered this claim when he was sentenced to life with the possibility of parole in 1995" and thus pursuant to the enactment date of AEDPA on April 24, 1996, Petitioner had one year, until April 25, 1997, to raise this claim on federal habeas review. *See* ECF No. 7-1 at 13-14 n. 4. Yet, as noted earlier, Petitioner contends in ground one that it was his continued incarceration pursuant to his parole denial which has since rendered his sentence excessive in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, not that his *original* sentence was excessive in violation of the Eighth Amendment. *See* ECF No. 1 at 5 ("Petitioner's continued incarceration *has become* Constitutionally Excessive in violation of the Federal Constitution's 8th Amendment protection.") (emphasis added). Indeed, in Petitioner's state supreme court habeas petition, he raises a substantive challenge to the 2020 BPH parole denial and the state courts' treatment of that challenge, and in that argument asserts he "has made a showing that his 'continued incarceration' by the BPH is suspect under the Constitutional protection of the Eighth Amendment, as, 'constitutionally excessive,' and habeas corpus relief should have been granted." ECF No. 1 at 19. Thus, the Court finds ground one arises from the 2020 BPH parole denial and not the originally imposed 1995 sentence. Even were the Court inclined to construe ground one as arising from the denial of the 2023 petition to advance, it is apparent from Petitioner's own contentions, *see id.*, that the factual predicate of ground one was known to Petitioner or "could have been discovered through the exercise of due diligence" at the time of his 2020 BPH denial. *See* 28 U.S.C. § 2244(d)(1)(D).

instant Petition was constructively filed on November 6, 2025. ECF No. 1 at 1, 2. Therefore, without sufficient tolling, these four grounds for relief are untimely.

While Respondent contends Petitioner's claim asserting the state superior and appellate court erred in the handling of his petitions (ground two) is similarly untimely, *see* ECF No. 7-1 at 13, the Court disagrees with Respondent's apparent assertion that this claim, too, was known at the time of and thus runs from the 2020 BPH decision. Instead, it appears that the factual predicate of ground two could not have been discovered prior to the state superior court's initial handling and adjudication of Petitioner's habeas petition on June 27, 2024. *See* ECF Nos. 8-2, 8-4; *see* 28 U.S.C. § 2244(d)(1)(D). Thus, absent tolling, the limitations period for this claim began to run on June 28, 2024, and was set to expire on June 28, 2025. *See Patterson*, 251 F.3d at 1246. Because, again, the federal Petition was not constructively filed until November 6, 2025, without sufficient tolling, ground two is also untimely.

Finally, given Respondent does not contest the timeliness of Petitioner's claim arising from the denial of the petition to advance (ground five), *see* ECF No. 7-1 at 13, and because ground five in any event independently warrants dismissal for the reasons outlined above, the Court will refrain from examining the timeliness of that claim. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.")

### 1. Statutory Tolling

28 U.S.C. § 2244(d)(2) specifically provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As relevant to the availability of statutory tolling for grounds one, three, four and six, the Ninth Circuit has held that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003), citing *Tinker v. Moore*, 255 F.3d 1331, 1333

(11th Cir. 2001). Here, while Petitioner filed several state habeas petitions raising some, or each, of these four claims between 2024 and 2025, *see* ECF Nos. 8-,1 8-3, 8-5, the statute of limitations for each of those claims expired on November 5, 2021, several years *before* any of the claims were presented to a state court for review. Thus, statutory tolling is not available for these four claims given the limitations period expired well before Petitioner sought state court collateral review. *See Ferguson*, 321 F.3d at 823. Grounds one, three, four and six remain untimely unless sufficient equitable tolling is warranted.

Turning to ground two, after the limitations period began running on June 28, 2024, Petitioner constructively filed a habeas petition raising this claim in the California Court of Appeal on August 20, 2024, which the state appellate court denied on September 24, 2024. ECF Nos. 8-3, 8-4. After the state appellate court denial, however, Petitioner did not raise this claim in the California Supreme Court until he constructively filed a habeas petition in that court over six months later, on April 3, 2025. *See* ECF No. 8-5.

Because Petitioner filed his state appellate court petition within a "reasonable time" after the state superior court's denial, less than 60 days later, but did not do so with respect to his state supreme court petition, which was filed over six months after the appellate court's denial, the Court finds that statutory tolling is available for the time between the state superior court denial and the constructive filing of the appellate court petition and for the time the habeas petition was pending in the state appellate court, but statutory tolling is not available for either the time between the denial of the state appellate court petition and the constructive filing in the state supreme court nor for the time that petition was pending in the state supreme court. *See Evans v. Chavis*, 546 U.S. 189, 193 (2006) ("As long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1–year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court."), citing *Carey v. Saffold*, 536 U.S. 214, 222-23 (2002); *see Velasquez v. Kirkland*, 639 F.3d 964, 967-68 (9th Cir. 2011) (applying "Supreme Court's thirty-to-sixty-day benchmark for California's 'reasonable time' requirement," noted in *Evans*, 546

3:25-cv-3292-JES-SBC

U.S. at 200-01, to find delays of 81 and 91 days unreasonable, and collecting circuit court cases finding delays of 101, 115 and 146 days unreasonable), citing *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) and *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010).

Thus, the statute of limitations for ground two, which began to run on June 28, 2024, and was otherwise set to expire on June 28, 2025, was statutorily tolled between June 28, 2024, and September 24, 2024, and the statute of limitations thus expired on September 24, 2025. Because additional statutory tolling is not available given Petitioner's delay in filing in the state supreme court and because the federal Petition was not constructively filed until November 6, 2025, absent sufficient equitable tolling, ground two also remains untimely unless equitable tolling is warranted.

### 2.    Equitable Tolling

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court held "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645. In so holding, the Supreme Court noted "[w]e have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649, quoting *Pace*, 544 U.S. at 418. "Like any equitable consideration, whether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'" *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011), quoting *Holland*, 560 U.S. at 650.

Petitioner does not expressly argue he is entitled to any measure of equitable tolling and instead simply contends that the AEDPA deadline should run from the 2023 denial of his petition to advance as a "new and intervening decision" rather than from the 2020 BPH denial, *see* ECF No. 9 at 2, an argument the Court rejects for the reasons discussed above. Moreover, even were the Court to also liberally construe this contention as an argument that Petitioner's lack of legal knowledge should support equitable tolling of the AEDPA

3:25-cv-3292-JES-SBC

statute of limitations, the fact remains that the Ninth Circuit has rejected any such possibility. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *see Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction."), citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Because the Court concludes grounds one, two, three, four and six are untimely in the absence of tolling and Petitioner fails to demonstrate that sufficient tolling is available and warranted to render any of these claims timely filed, the Court finds each of these claims to be untimely. *See Banjo*, 614 F.3d at 967 ("[Petitioner] bears the burden of proving that the statute of limitation was tolled."), citing *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), abrogated on other grounds by *Pace*, 544 U.S. 408; *see also Zepeda v. Walker*, 581 F.3d 1013, 1019 (9th Cir. 2009) ("[Petitioner] bears the burden of demonstrating that the AEDPA limitation period was sufficiently tolled."), citing *Smith*, 297 F.3d at 814 (footnote omitted).  Accordingly, the Court **GRANTS** Respondent's motion to dismiss grounds one, two, three, four and six as untimely.

## C.    Conclusion

For the reasons discussed above, the Court finds dismissal of grounds two through five in the Petition are warranted for lack of cognizability on federal habeas review, dismissal of grounds two through six are warranted for lack of habeas jurisdiction, and dismissal of grounds one through four and ground six are warranted because those claims are untimely. Finally, while Respondent also separately moves for dismissal of Petitioner's Eighth Amendment cruel and unusual punishment claim (ground one) as insufficiently pleaded, *see* ECF No. 7-1 at 14, the Court finds it unnecessary to consider this argument given that claim independently warrants dismissal because it is untimely. Because dismissal of each of the six grounds raised in the Petition is warranted for at least one reason, the Court **GRANTS** Respondent's motion to dismiss.

///

### III.    CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. 11(a), Rules Governing Section 2254 Cases (2019). This requirement includes a district court's decision based on procedural grounds. *See Buck v. Davis*, 580 U.S. 100, 122 (2017) ("[A] litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'"), quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds issuing a certificate of appealability is not appropriate as reasonable jurists would not find debatable or incorrect the Court's conclusion that dismissal of the Petition is warranted because (1) there is lack of cognizability on federal habeas review as to grounds two through five, (2) there is a lack of habeas jurisdiction as to grounds two through six and (3) grounds one through four and ground six are untimely, nor does the Court find any of the issues presented deserve encouragement to proceed further. *See* 28 U.S.C. § 2253(c); *Slack*, 529 U.S. at 484.

### IV.    CONCLUSION AND ORDER

For the reasons discussed above, the Court **GRANTS** Respondent's Motion to Dismiss the Petition (ECF No. 7), **DISMISSES** the Petition in its entirety because grounds two through five lack cognizability on federal habeas review, grounds two through six fail to establish habeas jurisdiction and grounds one through four and ground six are untimely and **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated:  June 29, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3:25-cv-3292-JES-SBC